UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFAWN TAYLOR, | No. 2:25-cv-0786-DC-SCR |
| Petitioner, | |
| v. | ORDER |
| JOSEPH TUGGLE, | |
| Respondent. | |

Petitioner, a state inmate proceeding pro se, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 along with a motion to proceed in forma pauperis. ECF Nos. 1, 2. A review of the habeas application indicates that petitioner is challenging his 2020 conviction from the Sacramento County Superior Court. Attached to the habeas petition is an order from the Supreme Court of California dated March 20, 2024 denying state habeas corpus relief. ECF No. 1 at 145.

A further review of this court's records indicates that petitioner already has a pending federal habeas action challenging this same conviction.[1] See Taylor v. Johnson, No. 2:23-cv-1049-TLN-CKD (E.D. Cal.). In his earlier filed habeas application, petitioner was granted a stay and abeyance in order to exhaust his state court remedies. Taylor v. Johnson, at ECF No. 9. By

---

[1] The court takes judicial notice of petitioner's prior habeas corpus application. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

1  order dated August 18, 2023, petitioner was directed to inform the court when he exhausted his
2  state court remedies.  See Taylor v. Johnson, at ECF No. 9.
3      It appears to this court that petitioner's habeas corpus application should be liberally
4  construed as a motion to lift the stay and abeyance in Taylor v. Johnson, No. 2:23-cv-1049-TLN-
5  CKD (E.D. Cal.).  See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Zichko v. Idaho, 247
6  F.3d 1015, 1020 (9th Cir. 2001) (applying the liberal construction rule to a pro se prisoner's
7  federal habeas application).  So construed, the undersigned directs the Clerk of Court to file
8  petitioner's motion to lift the stay in his pending habeas case and to close this case as opened in
9  error.
10      Accordingly, IT IS HEREBY ORDERED that:
11      1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is denied as unnecessary
12  as this civil action was opened in error.
13      2. Petitioner's habeas corpus application is construed as a motion to lift the stay and
14  abeyance and ordered to be docketed as such in Taylor v. Johnson, No. 2:23-cv-1049-TLN-CKD
15  (E.D. Cal.), *nunc pro tunc* to March 10, 2025, the date it was docketed in this court.[2]
16      3. Petitioner is directed to file all future pleadings under Case Number 2:23-cv-1049-
17  TLN-CKD.
18      4. The Clerk of Court shall close this case as opened in error.
19  DATED: June 20, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

[2] There is no signature date on petitioner's filing or any proof of service that would allow the court to utilize the prison mailbox rule to determine the constructive filing date.  See Houston v. Lack, 487 U.S. 266 (1988).

2